**FILED**
**JANUARY 13, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMES POWELL and SHATONYA SMITH | ) ) ) | **08 C 290** |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. |
| CHICAGO POLICE OFFICERS D. WETZEL, Star #8206, D. MULLANY, Star #10886, K. MULCAHY, Star #19640, K. FOSTER, Star #11780, D. WU, Star #1238, P. SODINI, Star #1665 the CITY OF CHICAGO, and UNKNOWN CHICAGO POLICE OFFICERS, | ) ) ) ) ) ) ) ) ) ) | JUDGE  **JUDGE NORGLE**  **MAGISTRATE JUDGE MASON**  MAGISTRATE |
| Defendants. | ) | **JURY DEMANDED** |

### COMPLAINT

NOW COME the plaintiffs, James Powell and Shatonya Smith, through their attorneys, A Law Office of Christopher R. Smith, and complaining of the defendants City of Chicago, ("Defendant City"), Chicago Police Officers D. Wetzel, Star #8206, D. Mullany, Star #10886, K. Mulcahy Star #19640, K. Foster, Star #11780, D. Wu, Star #1238, P. Sodini, Star #1665, and Unknown Chicago Police Officers ("Defendant Officers") as follows:

### INTRODUCTION

1. This is a civil action seeking damages against Defendants for misconduct committed by Defendant Officers under color of law, which deprived Plaintiffs of rights secured by the Constitution of the United States and the laws of the State of Illinois.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act,

42 U.S.C., Section 1983, and Section 1985; the judicial code 28 U.S.C., Section 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., Section 1367(a).

## PARTIES

3. Plaintiffs are permanent residents of the United States of America, who currently reside in Chicago, Cook County, Illinois.

4. Defendants, Chicago Police Officers D. Wetzel, Star #8206, D. Mullany, Star #10886, K. Mulcahy Star #19640, K. Foster, Star #11780, D. Wu, Star #1238, P. Sodini, Star #1665, and Unknown Chicago Police Officers (referred to collectively as Officer Defendants) were, at the time of this occurrence, employed by Defendant City as Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, is a municipal corporation duly incorporated under the laws of the State of Illinois and at all relevant times is or was the employer and principal of Defendant Officers.

## FACTS

6. On March 14, 2007, in the evening, Plaintiffs Shatonya Smith, and her husband James Powell, left their house and were driving down their alley.

7. A police car pulled up to the mouth of the alley, blocking their exit.

8. A defendant officer, approached the driver side window of the van, and told Ms. Smith to turn off the engine.

9. Defendant officers began to interrogate Shatonya Smith about an alleged

2

theft from a construction site in the alley.

10. Defendant officers took Shatonya Smith's keys, and began to search her van.

11. Ms. Smith exited the vehicle.

12. Defendant officers pulled Mr. Powell out of the passenger side door.

13. Defendants began to beat and kick Mr. Powell.

14. Defendants sprayed mace in Mr. Powell's face.

15. Defendants shot Mr. Powell with a taser.

16. Ms. Smith began to suffer an asthma attack, and told offers that she was having an asthma attack.

17. Defendants arrested and took Ms. Smith and Mr. Powell into custody.

18. Ms. Smith overheard defendants discussing what to put in their report in order to make it sound more believable.

19. Acting in concert and in conspiracy with one another, defendant officers conspired and agreed amongst themselves to fill out and file false and incomplete police reports, omitting any mention of their brutality.

20. As a direct and proximate result of the malicious actions of the coconspirators, plaintiff Powell was injured, including back injuries, bodily injuries, and facial injuries. Both Plaintiffs suffered psychological and emotion injuries and experienced extreme emotional distress.

### Count I:  §1983 Excessive Force Claim

1-20. Plaintiffs re-allege paragraphs 1 through 20 above, as if fully set forth here.

21. The misconduct of Defendant Officers, as more fully described above

constitutes unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

22. As a proximate result of the above-detailed misconduct, Plaintiffs suffered severe physical damages, pain and suffering, damage to his reputation, humiliation, extreme emotional distress and financial losses including medical expenses.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against Defendant Officers, jointly and severally, for compensatory damages in an amount in excess of $500,000.00, and punitive damages against Defendant Officers in an amount in excess of $500,000.00, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count II: §1983 Illegal Searches and Seizures

1-20. Plaintiffs re-allege paragraphs 1 through 20 above, as if fully set forth here.

21. The searches and seizures of plaintiffs' persons, vehicle, and property as detailed above, performed willfully and wantonly by the defendants, individually and in conspiracy with each other, were in violation of plaintiffs' rights to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

22. As a proximate result of the above-detailed actions of defendants, plaintiffs were injured, including the deprivation of their liberty and the taking of their property. In addition, the violations proximately caused the plaintiffs great mental anguish and humiliation, exposed them to public scandal and disgrace, caused damage to their property, and caused them to incur various expenses, all to their damage.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against Defendant Officers, jointly and severally, for compensatory damages in an amount in excess of $500,000.00, and punitive damages against Defendant Officers in an amount in excess of $500,000.00, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count III: §1983 Failure to Intervene

1-20.   Plaintiffs re-allege paragraphs 1 through 20 above, as if fully set forth here.

21.   In the manner described throughout this Complaint, during the constitutional violations described herein, Officer Defendants stood by without intervening to prevent the misconduct described in this Complaint.

22.   As a result of the Defendant Officers' failure to intervene to prevent the violations of Plaintiffs' constitutional rights, plaintiffs suffered pain and injury, as well as emotional distress, and a deprivation of their liberty, as is more fully described throughout this Complaint.

23.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiffs and others.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against Defendant Officers, jointly and severally, for compensatory damages in an amount in excess of $500,000.00, and punitive damages against Defendant Officers in an amount in excess of $500,000.00, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count IV: §1983 Conspiracy Claim

1-20.   Plaintiffs re-allege paragraphs 1 through 20 above, as if fully set forth here.

21. Defendant Officers conspired and agreed amongst themselves to violate Plaintiffs' constitutional rights through the use of excessive force, or by failing to intervene to prevent the use of excessive force by their fellow officers, when they had the opportunity to do so.

22. In furtherance of this conspiracy, Defendant Officers conspired to hide the evidence of their misconduct by filling out false and incomplete police reports and by failing to give accurate accounts of the incident to the State's Attorney's Office or the Office of Professional Standards.

23. As a direct and proximate result of this conspiracy, Plaintiffs suffered serious physical and emotional damages.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against Defendant Officers, jointly and severally, for compensatory damages in an amount in excess of $500,000.00, and punitive damages against Defendant Officers in an amount in excess of $500,000.00, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count V:  745 ILCS 10/9-102

1-20. Plaintiffs re-allege paragraphs 1 through 20 above, as if fully set forth here.

21. Defendant City is, or was at all relevant times, the employer and principal of Defendant Officers.

22. Illinois law dictates that Defendant City shall be held liable for the willful and wanton misconduct of its police officers where those officers were acting within the scope of their employment.

23. Defendants committed the acts alleged above under color of law and in the

scope of their employment as employees of the City of Chicago.

WHEREFORE, should any of the Officer Defendants be found liable on one or more of the claims set forth above, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, Defendant City be found liable for any judgment Plaintiffs obtain against any Officer Defendants, as well as attorneys fees and costs awarded.

### Count VI: Battery, State Claim Against City and Officers

1-20.   Plaintiffs re-allege paragraphs 1 through 20 above, as if fully set forth here.

21.   By the actions detailed above, Defendants intentionally made offensive bodily contact with Mr. Powell and inflicted bodily harm upon him.

22.   As a direct and proximate result, Mr. Powell was seriously injured, including blunt trauma injuries to his arms, wrist, and body.

23.   Defendant City is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officers committed the misconduct complained of while on duty and in the employ of Defendant City, and while acting within the scope of their employment.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of $500,000.00 and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

### Count VII: Intentional Infliction of Emotional Distress, State Claim Against City and Officers

1-20.   Plaintiffs re-allege paragraphs 1 through 20 above, as if fully set forth here.

21.   The above-detailed conduct by Defendant Officers, constituted extreme and

outrageous conduct.

22. Defendant Officers committed the misconduct more fully described above with the intent of inflicting severe emotional distress upon Plaintiffs or with knowledge of the high probability that the conduct would cause such distress.

23. As a direct and proximate result of Defendant Officers' misconduct, Plaintiffs have suffered severe emotional distress resulting in injury to their minds, bodies, and nervous systems, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

24. Defendant City is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officers committed the misconduct complained of while on duty and in the employ of Defendant City, and while acting within the scope of their employment.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of $500,000.00, and further demands attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

### Count VIII: False Arrest , State Claim Against City and Officers

1-20. Plaintiffs re-allege paragraphs 1 through 20 above, as if fully set forth here.

21. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest Plaintiffs on false charges for which they knew there was no probable cause.

22. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and

in the employ of defendant City, and while acting within the scope of this employment.

23. As a direct and proximate result of their false arrests plaintiffs were damaged, including lost liberty, attorneys fees, lost work, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, and anguish.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of $500,000.00, and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

    Respectfully submitted,

    JAMES POWELL and SHATONYA SMITH

    /s James M. Baranyk
    By: One of his attorneys

PLAINTIFFS DEMANDS TRIAL BY JURY.

Christopher R. Smith
Jared S. Kosoglad
James M. Baranyk
A LAW OFFICE OF CHRISTOPHER R. SMITH
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400